IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GINA A. BAILEY                                                                    PLAINTIFF

v.                                        CIVIL NO. 17-05155

NANCY A. BERRYHILL, Commissioner                                DEFENDANT
Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Gina A. Bailey, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for DIB on July 30, 2014, alleging an inability to work since July 15, 2014, due to severe depression. (Tr. 20, 163, 189). Plaintiff meets date last insured status through December 31, 2018. (Tr. 22). An administrative hearing was held on December 19, 2019, at which plaintiff appeared with counsel and testified. (Tr. 39-67).

By written decision dated February 9, 2016, the ALJ found that during the relevant time period, Plaintiff had the following impairments or combination of impairments that were severe: major depressive disorder, generalized anxiety disorder, migraine headaches, hypertension, asthma, and obesity. (Tr. 22). The ALJ also found the following non-severe

1

impairments: hyperlipidemia. (Tr. 22). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.157(c) except she would need to work in a controlled environment with no exposure to dust, fumes, or smoke, or temperature extremes. She would need a job involving simple tasks and simple instructions, and only incidental contact with the public.

(Tr. 26). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any of her past relevant work, but would be capable of performing work as a content inspector, merchandise marker, or warehouse checker. (Tr. 33).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

## II. Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary

outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001; see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v.

Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20C.F.R. SS404.1520, abrogated on other grounds by Higgens v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R §404.1520.

**III. Discussion**

Plaintiff raises the following issues in this matter: 1) Whether the ALJ's mental RFC determination was supported by substantial evidence; and 2) Whether the ALJ erred in his evaluation of the medical evidence opinions of record.

**A. RFC Determination:**

Plaintiff argues that the ALJ erred in his RFC determination because it was contrary to substantial evidence, particularly the opinions of the state agency psychological consultants. (Doc. 11, p. 4). Specifically, that while the ALJ gave their opinions great weight, he did not incorporate all of their mental limitations into his RFC determination. (Doc. 11, p. 6).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth

specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, Civil No. 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013)).

Dr. Jay Rankin and Dr. Kay Cogbill opined in September of 2014 and March of 2015, respectively, that Plaintiff had the mental RFC to: perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete (unskilled). (Tr. 30, 79, 96). The ALJ did not incorporate the medical consultant's opinions verbatim. However, he provided restrictions that accounted for these limitations, by finding that plaintiff "[W]ould need a job involving simple tasks and simple instructions, and only incidental contact with the public." (Tr. 26).

The Court finds that the ALJ's RFC determination was supported by substantial evidence.

**B. Weight Assigned to Medical Opinion Evidence:**

Plaintiff argues that ALJ failed to properly evaluate and accord proper weight to the opinions of Plaintiff's treating psychiatrist, Angela Chapman, M.D., and Plaintiff's treating counselor, Kathleen Housley, L.P.C., because they gave similar opinions regarding Plaintiff's ability to handle funds as those given by the medical consultants whose opinions were afforded great weight. (Doc. 11, pp. 8-9). Plaintiff does not specifically object to great weight being given to the opinions of state agency psychological consultants, but rather that

5

portions of their opinions were similar to those rendered by her psychiatrist and counselor, whose opinions were given little weight. (Doc. 11, pp. 3-4).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015); citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case - whether granting a treating physician's opinion substantial or little weight - the Commissioner or the ALJ must give good reasons for the weight apportioned." Id.

In March of 2015, Dr. Chapman completed a Mental RFC Questionnaire. (Tr. 332-336). On that form, Dr. Chapman checked boxes indicating Plaintiff had severe problems in several areas of functioning. (Tr. 332-336). The ALJ examined this document and found that Dr. Chapman's opinion was not consistent with or supported by the medical evidence of record, including her own reports giving the example of Dr. Chapman's reports routinely describing a normal gait. (Tr. 31). The ALJ noted that Dr. Chapman had given Plaintiff a good prognosis despite fluctuations with depression and anxiety. (Tr. 31). While the ALJ did find that Dr. Chapman's opinion that Plaintiff was able to manage her own funds was inconsistent with the Plaintiff's own reports, and given despite Plaintiff's history of compulsive gambling, this was far from his only reason for assigning "little weight" to Dr. Chapman's opinion. (Tr. 31).

With regards to the opinion of Kathleen Housley, L.P.C., the ALJ properly noted that she is not an acceptable medical source and considered her opinion evidence as that of an "other source" in accordance with 20 C.F.R. § 416.913(a) and (d). (Tr. 31). In July 2015, Ms. Housley also completed a Mental RFC Questionnaire (a fill-in-the-blank form) at Plaintiff's request. (Tr. 337). In her opinion, Ms. Housley checked boxes corresponding to Plaintiff being unable to meet competitive standards regarding interacting appropriately with the general public and travel in unfamiliar places; to having no useful ability to function in using public transportation; and to anticipating that she would be absent from work more than four days per month. (Tr. 340-341). The ALJ noted that Ms. Housley's opinion was not consistent with the record or supported by her own reports. (Tr. 31). Particularly he noted that Ms. Housley's counseling notes show that on October 13, 2014, Plaintiff reported leaving the house more often; on January 6, 2015, Plaintiff reported becoming more ready to get out independently and had primarily been out only with family members; and on February 3, 2015, Plaintiff reported more outside contact and less anxiety. (Tr. 27, 321-322). In May of 2015, Plaintiff reported traveling alone; in September of 2015, she reported fewer panic attacks and more trips outside the home; and in October 2015, she reported more outside contact and less anxiety. (Tr. 367). The ALJ found Ms. Housley's counseling notes did not support her rather restrictive opinion of Plaintiff's mental RFC. (Tr. 31). As in his assignment of weight to Dr. Chapman's opinion, the ALJ's determination to assign little weight to Ms. Housley's opinion relied upon numerous inconsistencies and not solely her assertion that Plaintiff would be able to manage her own funds.

Based on the foregoing, the Court finds substantial evidence in the record to support the ALJ's determination to give Dr. Chapman and Ms. Housley's opinions "little weight."

**IV.    Conclusion**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 17th day of October, 2018.

/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE